(Pleito No. 5.—Fallado el 24 de Noviembre de 1899.)

## CASADO contra CHARBONIER.

RECURSO interpuesto contra sentencia dictada por el Tribunal de Distrito de Ponce.

1.—DESESTIMACIÓN DE PLEITOS.—La Seccion 49 de la Orden General No. 118 que da atribuciones á los Tribunales sentenciadores para admitir ó repeler una demanda, no les confiere poder discrecional para rechazar dichas demandas cuando éstas se formulan con arreglo á derecho.

2.—DOCUMENTOS NO INSCRITOS en el Registro de la Propiedad deberán admitirse cuando sean presentados para pedir la declaración de nulidad de algún asiento que impide verificar su inscripción, según lo prescribe el párrafo 3.º del artículo 389 de la Ley Hipotecaria.

3.—EXCEPCIONES DILATORIAS. El Estado cuando es parte á la demanda pue-
de establecer la excepción 7ª del artículo 532 de la Ley de Enjuiciamien-
to Civil, y alegar el que deban agotarse los recursos de la vía gubernativa
antes de utilizarse los de la vía judicial.

SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico á
veinte y cuatro de Noviembre de mil ochocientos noventa y
nueve, en el recurso de casación por infracción de Ley
que ante este Tribunal pende, interpuesto por Don Miguel
Casado y Rivera por su propio derecho y como legítimo
padre representante de sus menores hijos Fabiana, Sebas-
tiana, Emilia, Bonifacia, Maria Cristina y Sergio Casado y
Canales, habidos en su matrimonio con su finada esposa
Doña Bonifacia Canales, contra el auto del día veinte y uno
de Septiembre de este año dictado por el Tribunal de Dis-
trito de San Juan en el juicio declarativo de mayor cuantía
contra el Estado, Don Sandalio Charbonier y Don Eugenio
Malpica sobre reivindicación de un predio rústico y nulidad
de inscripciones de un expediente posesorio y de dos escri-
turas públicas de dominio de una finca rústica.—Resultando:
Que don Miguel Casado y Rivera en la doble representación
que ostenta formuló demanda de mayor cuantía en reivindi-
cación de ciento setenta y cuatro y media cuerdas de tierra
componentes de otra de mayor cabida, ubicada en el barrio
de Ciénega-alta del término jurisdicción de Río-grande, que
adquirió por virtud de adjudicación en el juicio ejecutivo
seguido ante el Juzgado de primera Instancia contra los
consortes Don Francisco Antonio Franco y Doña Candelaria
Pizarro en cobro de pesos.—Resultando: Que en el escrito
de demanda después de expuestos sucintamente y nume-
rados los hechos y los fundamentos de derecho, fijados con
claridad y precisión lo que se pide y expresada la clase
de acción que se ejercita se consignó la pretensión de que se
confiriese traslado con entrega de las copias simples presen-
tadas al Ministerio fiscal en representación del Estado, á
Don Sandalio Charbonier y Pasalagua y Don Eugenio Mal-

pica, citándoles y emplazándoles, para que comparezcan y la contesten dentro del término improrrogable de veinte días y en su oportunidad dictar sentencia declarando el mejor derecho á la propiedad de la finca que se deja descrita y en su consecuencia declarar nulos no sólo el expediente posesorio instruído á favor de la extinguida Intendencia de Hacienda Pública, sino también todos los derechos de él derivados y los asientos de inscripción de dominio á favor de Don Sandalio Charbonier y Don Eugenio Malpica y que la finca sea devuelta á sus antiguos poseedores con los frutos producidos y debidos producir con imposición de todas las costas.—Resultando: Que al escrito de demanda se adjuntaron entre otros documentos el acta de adjudicación del terreno disputado en el ejecutivo seguido contra Don Francisco Antonio Franco y Doña Candelaria Pizarro que no aparece inscrito en el Registro de la Propiedad:—Resultando: Que el Tribunal del Distrito de San Juan en su auto de veinte y uno de Septiembre último invocando el artículo 49 del Decreto de Organización de los Tribunales y el 389 de la Ley Hipotecaria que prohibe la admisión de títulos de dominios no inscritos en el Registro, y después de consignar en uno de sus considerandos que la intervención de la Hacienda Pública en el litigio hace indispensables requisitos por la parte del reclamante que ni aun se mencionan, se acordó no admitir la demanda y que se archivase.—Resultando: Que el actor en la representación que ostenta interpuso el recurso de reposición basado en los fundamentos de derecho que estimó convenientes á la defensa, cuyo recurso fué denegado por el auto de seis de Octubre fenecido.— Resultando: Que el demandante interpuso el recurso de casación por infracción de Ley contra el auto de veinte y uno de Septiembre de este año, citando como infringidos el número 1º del artículo 1,687 y número 1º de los artículos 1,688, 1,689 y 1,690 de la Ley de Enjuiciamiento Civil, artículos 17 y 389 de la Ley Hipotecaria y artículos 49 y 70 de la Orden General número 118.—Resultando: Que celebrada

la vista pública reprodujo el recurrente sus pretensiones. Siendo Ponente el Juez Asociado interino Don Luis de Ealo y Domínguez.—Considerando: Que la demanda que sirve de materia del recurso aparece adornada de todas las circunstancias y condiciones meramente formales que afectan á su esencia, á la razón y al derecho del demandante y asimismo á la forma y manera de producir ·dicho escrito y por consiguiente esa demanda revestida de todas las solemnidades internas y externas, lejos de ser repelida de oficio, debe ser admitida y sustanciada con arreglo á derecho.—Considerando: Que si bien por el artículo 49 del Decreto de Organización pueden los tribunales admitir ó repeler de oficio la demanda, ese precepto no puede traducirse en un poder discrecional que deja á su arbitrio la facultad de rechazarlas cuando éstas se formulan con arreglo á derecho.—Considerando: Que deben admitirse los documentos no inscritos en el Registro de la Propiedad cuando se presentan para pedir la declaración de nulidad y consiguiente cancelación de algún asiento que impida verificar la inscripción de los expresados documentos, según el párrafo 3º del artículo 389 de la Ley Hipotecaria.—Considerando: Que si bien los términos vagos y confusos del segundo considerando del auto recurrido, no permiten afirmar si se pretende el agotamiento de la vía gubernativa antes de utilizar la vía judicial por estar interesado el Estado; pero en este supuesto hipotético es evidente que para el logro de estos fines puede el Estado establecer la excepción dilatoria 7ª del artículo 532 de la Ley de Enjuiciamiento Civil.—Fallamos: Que debemos declarar y declaramos con lugar el recurso de casación por infracción de Ley interpuesto por Don Miguel Casado en la representación que ostenta contra el auto recurrido del día veinte y uno de Septiembre de este año por el Tribunal del Distrito de San Juan y en su consecuencia casamos y anulamos el referido auto. Comuníquese esta resolución al dicho Tribunal.—Así por esta sentencia que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernandez.—José María Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Señor Juez Asociado del Tribunal Supremo Don Luis de .Ealo y Domínguez, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico á veinte y cuatro de Noviembre de mil ochocientos noventa y nueve.—E. de J. López Gaztambide.

AUTO.

En la ciudad de San Juan Bautista de Puerto Rico, á veinte y cuatro de Noviembre de mil ochocientos noventa y nueve, en el juicio ordinario de mayor cuantía promovido por don Miguel Casado y Rivera por su propio derecho y como representante legal de sus hijos legítimos menores de edad, ante el Tribunal del Distrito de San Juan, contra el Estado, Don Sandalio Charbonier y Don Eugenio Malpica, sobre reivindicación de terrenos y nulidad de inscripciones de un expediente posesorio y de títulos de dominio en el Registro de la Propiedad, en cuyo juicio dictó el Tribunal del Distrito el auto del día veinte y uno de Septiembre último que ha sido casado por la sentencia de esta fecha, á virtud del recurso de casación por infracción de Ley interpuesto por don Miguel Casado en la doble representación que ostenta.—Siendo Ponente el Juez Asociado interino Don Luis de Ealo y Domínguez,—Reproduciendo los resultandos 1º, 2º, 3º, y 4º y las consideraciones de la sentencia de casación.—Considerando: Que la demanda que sirvió de materia del recurso está revestida de todos los requisitos que exige la Ley de Enjuiciamiento Civil.—El Tribunal del Distrito de San Juan admita y sustancie la expresada demanda con arreglo á derecho.—Así lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José María Fi-

gueras.—Juan Morera Martínez.—Luis de Ealo y Domín-
guez.—E. de J. López Gaztambide, *Secretario*.